

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS
May 12, 1947

Hon. J. M. Williams
County Auditor
Tarrant County
Fort Worth, Texas

Opinion No. V-196

Re:   Eligibility of a grand
jury bailiff for in-
creased compensation
under subdivision 9 of
Article 3902, V.C.S.

Dear Sir:

We refer to your letter of April 24, 1947, in which you sub-
mit the following inquiry:

"Is a grand jury bailiff either deputy, assistant or
clerk to any district, county or precinct officer, so that
subdivision 9 of Article 3902, Revised Civil Statutes,
would authorize the Commissioners' Court to increase
the salary of a grand jury bailiff, should they see fit to
do so, as much as 25%, or any per cent?"

Article 3902 of Vernon's Civil Statutes pertains to the ap-
pointment and compensation of deputies, assistants and clerks,
and provides:

"Whenever any district, county or precinct officer
shall require the services of deputies, assistants or clerks
in the performance of his duties, he shall apply to the Com-
missioners' Court of his county for authority to appoint such
deputies, assistants or clerks, stating in the application the
number needed, the position to be filled and the amount to be
paid." . . .

Subdivision 9 of that Article was added by Acts 1945, 49th
Legislature, page 244, Chapter 179, Section 2, as follows:

"9. The Commissioners' Court is hereby authorized,
when in their judgment the financial condition of the county
and the needs of the deputies, assistants and clerks of any
district, county or precinct officer justify the increase, to
enter an order increasing the compensation of such deputy,
assistant or clerk in an additional amount not to exceed
twenty-five (25%) per cent of the sum allowed under the
law for the fiscal year, 1944, provided the total compensa-
tion authorized under the law for the fiscal year of 1944

did not exceed thirty-six hundred ($3600.00) dollars."

We are of the opinion that a grand jury bailiff is not a deputy, assistant or clerk of any district, county or precinct officer within the meaning of Article 3902 of Vernon's Civil Statutes. The compensation of such a bailiff is fixed by Article 1058 of Vernon's Code of Criminal Procedure, and said Article was not amended or repealed by subdivision 9 of Article 3902.

Consequently we answer that a Commissioners' Court is not authorized to increase the salary of a grand jury bailiff.

## SUMMARY

A grand jury bailiff is not a deputy, assistant, or clerk of any district, county, or precinct officer, and the Commissioners' Court is not authorized to increase the compensation of such an officer under the provisions of subdivision 9 of Article 3902, V.C.S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *W. T. Williams*

WTW:et

W. T. Williams
Assistant

APPROVED MAY 12, 1947

*Price Daniel*

ATTORNEY GENERAL